UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERVIS OJEDA,

Plaintiff,

v.

THE GOLDEN 1 CREDIT UNION; THE FAHRNEY AUTOMOTIVE GROUP, LLC,

Defendants.

Case No. 1:25-CV-01025-KES-FJS

ORDER RE: ORDER REQUIRING PLAINTIFF TO FILE DISPOSITIONAL DOCUMENTS REGARDING DEFENDANT THE GOLDEN ONE CREDIT UNION

(ECF No. 23)

ORDER RE: STIPULATION TO DISMISS GOLDEN 1 CREDIT UNION WITH PREJUDICE

(ECF No. 24)

## I. BACKGROUND

On August 14, 2026, Plaintiff Dervis Ojeda and Defendant The Golden 1 Credit Union filed a notice of settlement, informing the court that a settlement had been reached between the parties. (*See* ECF No. 22.) The Parties further indicated that they anticipated filing dispositional documents within sixty days of the August 14, 2026, notice, i.e., no later than October 13, 2026. (*Id.*)

On August 21, 2026, this court ordered Plaintiff to file, or ensure the filing of, dispositional documents no later than September 4, 2026, as the parties had not "show[n] good cause for filing dispositional documents sixty (60) days after [the] notice[.]" (*See* ECF No. 23 (citing L.R. 160(b)).)

On September 10, 2026, Plaintiff Dervis Ojeda and Defendant The Golden 1 Credit Union filed a joint stipulation of voluntary dismissal with prejudice of Plaintiff's claims against Defendant The Golden 1 Credit Union, with each party to bear their own fees and costs, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).[1] (ECF No. 24.) The stipulation also "request[s] that the Court retain jurisdiction to interpret and enforce the terms of the Settlement Agreement, and that the order entered on this Stipulation include a provision expressly recognizing the Court's retention of jurisdiction for this purpose." (*See* ECF No. 24 at 2.)

The court now proceeds to a discussion of the Parties' stipulated request for voluntary dismissal. (*See* ECF No. 24.)

## II. DISCUSSION

"[O]nce the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action[.]" *Lopez v. AT&T Mobility Servs., LLC*, No. 1:20-CV-01219-SAB, 2024 WL 21537, at *1 (E.D. Cal. Jan. 2, 2024). Moreover, the court generally declines generic requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation .... [e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

It appears to the court that the terms of the settlement agreement have been finalized and the agreement has been executed. (*See* ECF No. 24 ("The Parties request that the Court retain jurisdiction *to interpret and enforce the terms* of the Settlement Agreement") (emphasis added).) The Parties request that the court retain jurisdiction after dismissal for *performance* of the Parties' agreement. Yet the Parties do not provide facts showing good cause for the court to retain

---

[1] The Parties failed to file the instant stipulation by the September 4, 2026, deadline, and have not provided good cause for their failure to do so. (*See* ECF No. 24.)

jurisdiction for the mere performance of the finalized settlement agreement. Accordingly, absent a showing of good cause, the court denies the Parties' generic request to retain jurisdiction following the stipulated dismissal (ECF No. 24).

The parties separately "agree[d]" to "hereby voluntarily dismiss this action in its entirety, *with prejudice*, as against Golden 1." (ECF No. 24 at 2 (emphasis in original).) That language is self-executing independent of the court's denial of the request to retain jurisdiction.

## III. CONCLUSION AND ORDER

In light of the joint stipulation, Plaintiff's action against Defendant The Golden 1 Credit Union is terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii), *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed with prejudice and without an award of costs or attorneys' fees. The Clerk of the Court is HEREBY DIRECTED to terminate only Defendant Golden 1 Credit Union on the docket.

IT IS SO ORDERED.

Dated: **September 14, 2026**

UNITED STATES MAGISTRATE JUDGE